### HAVARD vs. STONE.

APPEAL from the court of the sixth district.

The execution of a judgment cannot be enjoined, until a claim of the defendant sounding in damages be examined.

PORTER, J. delivered the opinion of the court. The defendant, a resident of Mississippi, obtained judgment against the plaintiff and was proceeding to carry it into execution, when the latter took out an attachment which he had levied on the debt due by himself, and then sued out a writ of injunction to prevent the defendant enforcing his judgment.

This attachment however, was superseded, by the defendant giving bond under the statute, to respond to any judgment which the plaintiff might obtain against him. On this fact being shewn, the judge *a quo* dissolved the injunction, and the plaintiff appealed.

The only error which the judge below committed was, in granting the injunction on the shewing of the plaintiff in his petition.

The claim was one sounding in damages for selling to him a diseased slave in another state of the union. The plaintiff in the original suit could not be de ayed in the execution of his judgment until this demand was ascertained. It is only when the debt due is liquidated, or susceptible of immediate liquidation, that the defendant can offer it in compensation of an execution: the time given by the Spanish law is ten days. See the case of *Caldwell* vs. *Davies, Vol.* 2, 135, where this subject is examined t length.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Oakley* for the plaintiff, *Bullard & Wilson* for the defendant.